

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Reuben Williams, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                    Attention of Mr. J. E. Lyles

                             Opinion No. 0-2752
                             Re: Payment of premium on bond for the
                             Casualty Insurance Commissioner.

        Your recent request for an opinion of this department
on the above stated matter has been received. We quote
from your letter as follows:

        "The Casualty Insurance Department present-
        ed a bill to the Comptroller's Department for
        payment which covers premium on a bond for the
        Casualty Insurance Commissioner required by the
        statute. The Comptroller's Department would
        not approve the bill, stating that it could not
        be paid out of the contingent appropriation.
        It is our opinion that it should be paid out of
        contingent funds as there is no special appro-
        priation for bonds, and since this bond is re-
        quired by the statute as mentioned above.

        "Therefore, we would like to have an opin-
        ion from your department as to how this item
        should be paid."

        It appears that the appropriation bill provides no
sum of money specifically for the payment of the bond premium
of the Casualty Insurance Commissioner. Article 4679d, Ver-
non's Annotated Civil Statutes reads as follows:

        "Sec. 6. Each of the members of the Board
        of Insurance Commissioners shall, before enter-
        ing upon the duties of his office, give a good
        bond to the State of Texas in the sum of five

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

thousand ($5,000.00) dollars, to be approved by
the Governor, conditioned upon the faithful dis-
charge of the duties of his office.

"Sec. 6A. Compensation to be paid the Com-
missioners shall be such sums as are provided for
by the appropriation bills from time to time.

"Sec. 6B. Nothing in this bill shall be
construed to in any manner affect the duties now
imposed by law on the Industrial Accident Board
or to take from said board the performance of the
duties now imposed on said board by law."

As stated in our Opinion No. O-2092:

"It is the rule that an officer or agent of
the State is allowed only such compensation and
emoluments as are expressly conferred upon him
as remuneration for the discharge of his offi-
cial duties as an agent of the State. McCalla
v. City of Rockdale, 112 Tex. 209, 246 S.W. 654.
It follows that any public officer or agent who
demands mileage fees or expenses must point out
some statute authorizing its allowance. Where
a duty requiring an expenditure of money is im-
posed upon a public officer or agent, and no
provision is made to defray the same, such offi-
cer or agent is deemed to be repaid for the ex-
penses incurred in the discharge of such duty
by whatever compensation is allowed and paid to
him for his services as such public agent."

It is therefore apparent that, in order for the
Casualty Insurance Commissioner to be entitled to reimburse-
ment for the expense incurred by him in furnishing the bond
required by statute, there must exist some statutory provi-
sion for the allowance and payment of the same.

There is no provision of the general statutes or
the current appropriation bill, that we have been able to
find, which authorizes reimbursement to the Casualty Insur-
ance Commissioner for expenses incurred by him in furnishing

the bond required by Article 4679d, supra.

Since there is no provision of the statute or specific item in the appropriation bill contemplating reimbursement by the State to the Casualty Insurance Commissioner for the expenses incurred by him in furnishing the official bond required by law, you are respectfully advised that it is the opinion of this department that such bond premium cannot be regarded as a contingent item of expenses lawfully to be incurred by the Insurance Department, and, therefore, such bond premium may not be paid by the Insurance Department out of its contingent expense fund, but the premium of such bond should be paid personally by the Casualty Insurance Commissioner.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

APPROVED SEP 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS